**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02785-NYW

YOVANI PAVON CONCEPCION,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 6]. Petitioner Yovani Pavon Concepcion ("Petitioner") is a noncitizen who is currently detained at the ICE Contract Detention Facility in this District. [*Id.* at 2]. He seeks, among other things, a Court order directing "his immediate release, or, in the alternative," ordering Respondent to provide Petitioner "an immediate individualized bond hearing before a neutral decision-maker where the Government bears the burden of justifying his continued detention." [*Id.* at 6].

Upon review of the Petition, the Clerk of Court is **DIRECTED** to serve Respondent with a copy of this Order and a copy of the Petition, [Doc. 6], and to enter a Certificate of Service. Counsel for Respondent shall promptly enter their notices of appearance. Within **seven days of service**, Respondent shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines"

itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **21 days** after the Response.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondent **SHALL NOT REMOVE** Petitioner from the District of Colorado so long as Petitioner remains in Respondent's custody. This order does not preclude Respondent from removing Petitioner from the United States pursuant to a final order of removal. This order shall remain in effect unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S.

at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Finally, it is **ORDERED** that the Clerk of Court shall mail a copy of this Order to:

Yovani Pavon Concepcion
A# 240-624-837
Denver Contract Detention Facility
3130 North Oakland Street
Aurora, CO 80010

DATED: July 24, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge